Mr. Gregory Robinson, #11047-018
FCI-Memphis
P.O.BOX 34550
Memphis, TN. 38184-0550

2019 DEC 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| GREGORY ROBINSON, <br> Petitioner/Movant, | ) CASE NO:3:89-7H-CR-J-16-MCR <br> ) MOTION FOR RELIEF UNDER THE <br> ) FIRST STEP ACT |
| Vs. | ) <br> ) |
| THE UNITED STATES OF AMERICA, <br> Respondant(s). | ) <br> ) |

Movant Petitioner Gregory Robinson, respectfully moves this honorable court for relief pursuant to the First Step Act of 2018. The act movant Gregory Robinson requests relief under S404 of the Act which calls for application of the fair sentencing act of 2010 ("FSA") to this case. This section is expressly retroactively applicable to this case and demonstrates that my statutory range and guideline range must be amended and lowered. Movant Gregory Robinson requests a full re-sentencing hearing.

A memorandum in suport of this motion follows.

Respectfully submitted,

Gregory Robinson

*[signature]*

-1-

## MEMORANDUM OF LAW AND ARGUMENT

### STATEMENT OF THE CASE

Movant Gregory Robinson, Prose, an inmate housed at the Federal Correctional Institution FCI Memphis, serving two life sentences plus 80 years, to run consecutive to the two life sentences imposed by the Late Honorable John H. More II, U.S. District Court Judge who was presiding at the time Middle District of Florida, Jacksonville Division, Movannt Robinson, was one of the thirteen defendants charged in a four count indictment returned by a Federal Grand jury on June 8, 1989. Petitioner Robinson was charged in all four counts. Count one charges:

> From in or about October, 1988, through the date of this indictment, at Jacksonville and Orlando, in the Middle District of Florida, and elsewhere
>
> GREGORY ROBINSON,...
>
> ...defendants herein, did knowingly, willfully and intentionally combine, conspire, confederate and agree together with each other and with other persons to the Grand Jury known and unknown to manufacture, distribute and possess with the intent to distribute cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, the amount of said substance being 50 grams or more, in violation of Title 21, United States Code, Section 841(a)(1).

> All in violation of Title 21, United States Code, Section 846.

Count two charges:

> On or about April 6, 1989, at Jacksonville, in the Middle District of Florida,
>
> GREGORY ROBINSON,...
>
> ...the defendants herein, did knowingly, willfully, and intentionally possess with intent to distribute and cause to be possessed with intent to distribute cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, the amount of said substance being 50 grams or more.
>
> In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, Un;ited States Code, Section 2.

Count three charges:

> On or about May 27, 1989, at Orlando, in the Middle District of Florida,
>
> GREGORY ROBINSON,...
>
> ...the defendants herein, did knowingly, willfully and intentionally possess with intent to distribute and cause to be possessed with intent to distribute cocaine base, commonly known as crack cocaine, a

Schedule II controlled substance, the amount of said substance being 5 grams or more.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, Unite States Code, Section 2.

Count four charges:

On or about May 27, 1989, at Orlando, in the Middle District of Florida,

GREGORY ROBINSON,...

...the defendants herein, did knowingly, willfully and intentionally possess and cause to be possessed a substance contaiing cocaine, the amount of said substance being 500 grams or more, with the intent to manufacture cocaine base, commonly known as crack cocaine, both being Schedule II controlled substances.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Both count three and four arose from the execution of a search warrant, a separate residence of a co-defendant. Law enforcement authorities never seized any money nor drugs from the

-4-

person or the residence of petitioner.

Petitioner Robinson was prosecuted by indictment in the United States District Court for the Middle District of Florida, Jacksonville Division for violations of Title 21, U.S.C. Section 846 and 841(a)(1). Petitioner Robinson was tried and convicted by a jury on all four counts, and sentenced on March 2, 1990.

## INTRODUCTION

NEW RULES OF CONSTITUTIONAL LAW IN REFERENCE TO
THE ACT, SECTION 404(a) CONSTITUTIONAL RIGHT
RESTORED BY ALLEYNE AND THE FIRST STEP ACT

Section 404 of the Act Authorizes District Courts to Conduct a Full Resentencing Hearing at which the Defendant is Present, Absent Waiver.

The plain text of Section 404 of the Act gives a district court authority to conduct a full resentencing hearing in the defendant's presence. First, Section 404 gives the court discretion to impose a reduced sentence of any length consistent with sections 2 and 3 of the FSA, without limitation on what the court may consider. See Sec. 404(b). And it gives the cour discretion to deny a motion even though the defendant is eligible for imposition of a reduced sentence so long as the court denies the motion "after a complete review ***on the merits." See Sec. 404(c). A complete review on the merits requires an opportunity for the defendant to be present and to allocute

The Fifth Circuit addressed just this situation in United States vs. Moree, 928 F.2d 654 (5th Cir. 1991). After Moree won his sentencing appeal, on remand the district court simply lowered Moree's sentence in absentia, reasoning that because the amended sentence was lower, this was a "reduction in sentence" contemplated by Rule 35 of the Federal Rules of Criminal Procedure, a rule that did not require the defendant's presence. Id. at 654. The Fifth Circuit vacated the sentence becausae the district court violated the defendant's rights to be present and to allocute at their resentencings. See United States v. Brown, 879 F.3d 1231, 1237-41 (11th Cir. 2018) (presenc;e of defendant required in a S 2255 resentencing); United States vs. Arrous, 320 F.3d 355, 357-60 (2d Cir. 2003) (presence of defendant required in a resentencing after direct appeal); United States v. Faulks, 201 F.3d 208, 210-12 (3d Cir. 2000) (same).

Second, Section 404(b) gives the court jurisdiction to "impose a reduced sentence." (emphasis added) Congress' choice of the verb "impose," instead of "modify" or "reduce", is significant. Federal sentencing statutes use the verb "impose" to mean "sentence" in light of all relevant factors. See, e.g. 18 U.S.C. S 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragraph (2) of this subsection."); S 3553(a)(2) (directing courts to consider "the need for the sentence imposed" in light of the purposes of sentencing); S3553(c) ("Statement of Reasons for Imposing a Senten;ce. The court, at

-6-

the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence"). Because "identical words*** are intended to have the same meaning," the First Step Act's use of the verb "impose" directs a re-sentencing. See Department of Revenue of Oregon v. ACF Industries, Inc., 510 U.S. 332, 342, 114 S. Ct. 843 (1994); Sorenson v. Secretary of Treasury, 475 U.S. 851, 860, 106 S. Ct. 1600 (1986); see also Fed. R. Crim. P. 32(b)(1) (using the verb "impose"). In other words, Section 404 is not a ministerial mathematic exercise but the power and authority to impose a reduced sentence as if the FSA were in effect.

Given the unique circumstances that exists in this case, a full resentencing hearing makes practical sense as well. Subsection (c) provides the court discretion to decide whether to "reduce any sentence pursuant to this section." Sec. 404(c). A hearing on why the court should or should not exercise its discretion or to what extent the discretion should be exercised is appropriate in this case. The First Step Act recognizes what many involved in the federal system have known for a long time. Disparate treatment of cocaine powder and cocaine base is unfair and has had a devastating impact on racial minorities. Specifically, African-Americans including Movant, have been over-sentenced, and Congress is inviting district courts to revisit sentences imposed before August 3, 2010 and correct injustice where they find it. For many years now, the district count has abandoned the 100 to one ratio for crack to powder and gone to a one to one ratio

Unfortunately, at the time Movant was sentenced (under the then mandatory guidelines), the 100 to one ratio ratio for crack was still in use. The First Step Act provides the district court an opportunity to correct past injustices where appropriate. The best way for the district court to correct the unconstitutional life sentence as to Count One and to consider the appropriate sentence in light of the advisory guidelines range as to Counts Two, Three, and Four as if the FSA were in effect, see Sec. 404(b), is to hold a full sentencing hearing with the defendant's presence where the defendant and his counsel can present a constitutionally sufficient argument under 18 U.S.C. S 3553(a).

Title 18 U.S.C. S 3582(c)(2) authorizes courts to "reduce" a term of imprisonment (not "impose a reduced sentence") based on a retroactive guideline amendment and only if "consistent" with Commission policy statements specifying "in what circumstances and by what amount." See 18 U.S.C. S 3582(c)(2); 28 U.S.C. S 994(u); Dillon v. United States, 560 U.S. 817, 819-22, 825-27, 130 S. Ct. 2683 (2010) (for those reasons, holding that S 3582(c)(2) does not authorize a "plenary resentencing proceeding"). With the previous retroactive guideline reductions, the maximum reduction was two levels under the guidelines and it was subject to all restrictions in U.S.S.G. S 1B1.10 (e.g., mandatory minimum, career offender, previous departure/variance to or below the amended guideline range).

The following information provided by Gregory Robinson: On December 13, 1989, the defendant was found guilty by jury of Counts One through Four of the Indictment. Count one charged Conspiracy to Manufacture, Distribute, and Possess with intent to distribute more than 50 grams of cocaine base, Count two charged possession with intent to distribute more than 50 grams of cocaine base, count three charged possession with intent to distribute five grams or more of cocaine base, and count four charged possession of 500 grams or more of cocaine with intent to manufacture cocaine base.

On March 2, 1990, the defendant was sentenced to life imprisonment on counts one and two, and 40 years imprisonment on counts three and four. The imprisonment term imposed as to count four was ordered to run consecutive to counts one, two and three. Concurrent five year terms of supervised release were imposed to follow the imprisonment terms. The defendant was also ordered to pay a $50,000 fine and $200 special assessment.

At the time of sentencing, the Court found the defendant's base offense level at 36. After adjustments for specific offense characteristics, the defendant's role in the offense, and obstruction, the Court arrived at a total offense level of 44. The defendant was determined to fall into Criminal History Category III. At offense level 44, Criminal History Category III, the guideline imprisonment term of life.

But of this time, this time, this honorable court could correct all of this injustice that happened to Movant Robinson 30 years ago. Movant got more time for the relevant

-9-

conduct than the actual crime he was found guilty of. At that time, 50 grams of cocaine base was level 32, which carried 151-188 months, which was the same punishment for count one and count two as the conspiracy offense in count one. But the petitioner was placed into a category III criminal history, offense level III. However, he should be a level 36, same criminal history category III, 63-78 months on count three and 292-365 months on count four. Then he was given another 8 level increase, which put him in a criminal history category level 44, which carries life in prison, 4 levels for leadership, 2 levels for obstruction of justice, and 2 levels for possession of a firearm. The movant moved from a number level of 36 to a letter number of 44 which is life in prison.

All of the facts were submitted to a jury, and the jury made the verdict of guilty of 50 grams or more of cocaine on counts one and two, 5 grams or more of cocaine on count 3, and 500 grams to 1.5 kilograms of cocaine with intent to manufacture cocaine base on count four. These are the only facts decided in movants case. No relevant conduct was ever charged in the indictment, or present to the jury or decided by the jury. Movant was offered 15 years in a plea bargain to plead guilty, Movant denied the offer, and decided to take the case to trial. Movant lost and was found guilty at trial, and was punished severely. Movant was charged with 12 codefendants, all of whom are currently not incarcerated and are home free. If movant was sentenced to-

day, movant would be eligible to receive the benefits of all the amendments that have passed to this date, and would be eligible for a significantly reduced sentence, rather than life.

See these Supreme Court cases: <u>Apprendi v. New Jersey 530 U.S. 460, Dorsey v. United States 567 U.S. 260. 132 S.CT.2321 and Alleyne v. United States 570- U.S.99; 133 S.CT. 2151; 186 L.ED.2D 314.</u> If these cases would have been before I had my trial, my outcome would have been monumentally different.

## CONCLUSION

Under the later resolved case in the Supreme Court known as <u>Dorsey v. United States</u>, 567 U.S. 260; 132 S.Ct. 2321, 183 L.Ed.2d 250, 2012 U.S. LEXIS 4664 (2012) ("More lenient Penalty Provisions of the 'Fair Sentencing Act'"). This case is outside the norm as to action by the sentencing court. The Supreme Court and the Sentencing Commission's interpretation as to the background principle requires courts, before interpreting a new criminal statute to apply its new penalties to a set of pre-Act offenders, to assure themselves that ordinary interpretive considerations point clearly in that direction. But it also states under the "Sentending Reform Act of 1984, it sets forth a special and different background principle. That statute says:

"determining the particular sentence to be imposed in an initial sentencing range established by the U.S. Sent-

encing Guidelines that are in effect on the date the defendant is sentenced. 18 U.S.C.S. S3553(a)(4)(A)(ii). Although the Constitution's Ex Post Facto Clause, U.S. Const art. I, S9, cl. 3, prohibit applying lower penalties, and the U.S. Sentencing Guidelines Manual in effect on the date a defendant is sentenced, regardless of when the defendant committed the offense, unless doing so would violate the Ex Post Facto Clause. U.S. Sentencing Guidelines Manual S1B1.11. Therefore, when the Commission adopts new, lower Guideline Amendments, those amendments become effective to offenders who committed an offense prior to the adoption of the new amendments but are sentenced thereafter. Just as the United States Supreme Court assumes Congress was aware of the background norm established by the Act of Feb. 25, 1871, S4, 16 Stat. 432, so too does it assume that Congress was aware of this different background sentencing principle. See "Fair Sentencing Act." and now "The First Step Act."

Under the revised calculated Drug Quantity Table, the cha;nge as to weight and amounts of "narcotic(s) as per the updated and revised Table, the petitioner, having less than 500 grams but no more than 1.5 kilograms of a Schedule II controlled substance. The indictment charged simply as to a violation of Section S841(a)(1) under a ratio of 100:1. By the new Amendment(s) the new calculated ratio is 18:1 on the Drug Quantity Table. Because the petitioner had less than 500 grams of cocaine base, his calculation under the new Amendment as to the "Fair Sentencing Act," and the la-

test Bill that now brings the petitioner before this Honorable Court today, "The First Step Act."

For defendant's sentenced under, Title 21, U.S.C. Section § 841 (a)(1), the 18:1 ratio Would lower petitioner's sentence under Section S841(b)(1)(A) and (B) sentence(s). Since the petitioner was sentenced well before August 3rd 2010. The petitioner was charged with more than 50 grams of a Schedule II substance, but less than 500 grams of cocaine.

Because the petitioner was sentenced by the use of "two (2)" prior(s) and the amount of 50 grams or more, but less than 1.5kg of a Schedule II controlled substance, and the court sentenced the petitioner to a "mandatory term of life imprisonment" under the 100:1 ratio. The new 18:1 ratio would now apply, allowing the court to sentence under a "Modification and Reduction and Imposition of a Sentence" that was already imposed by the district court under Section S841(b)(1)(B) and Section S841(b)(1)(C) using the mandatory minimum and maximum guidelines of 0 to 20 years instead of the previous style used in the 1989 sentencing calculation. Petitioner must be sentenced anew.

### APPOINTMENT OF COUNSEL

The petitioner would ask the court to make a ruling in this case as to his being appointed legal counsel. Since the petitioner is filing pro-se, he is not well versed enough in the rules of the law, especially in the case of a life sentence. The petitioner can only pray that the court

-13-

will show him mercy and make that appointment of counsel and order a new Probation Department Tabulation and Calculation under the new and revised Table(s).

## RELIEF REQUESTED

Petitioner would ask this Honorable Court to grant his motion as he has submitted it in its entirety and any other relief that this court would deem appropriate. Also, the petitioner would ask the court to please note the provided copy of Program Certificates submitted, showing he has done other programming while incarcerated and note his Institutional Record is above average too. The petitioner thanks the court for its important time in this matter.

## CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that all of the foregoing is true and exact to the best of my knowledge. I also certify that a copy of this brief was served on the Assistant United States Attorney Roberta Bodnar, 35 SE 1st Ave, Ste. 300, Ocala, Fl 34471.

This the _11_ th day of _26_ 2019

_Gregory R_

Gregory Robinson,

11047-018

P.O. Box 34550

Memphis, TN 38184