**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.     Case No: 3:89-cr-74-J-32MCR

GREGORY ROBINSON

## O R D E R

When Gregory Robinson was sentenced in 1990, he was twenty-eight years old. He is now fifty-eight years old, having served almost thirty-one years of a life sentence for manufacturing and distributing cocaine base. He seeks sentencing relief under the First Step Act of 2018 (Doc. 946). The Government opposes any reduction. (Doc. 955).

### I. BACKGROUND

In 1989, a jury found Robinson guilty of conspiring to manufacture, distribute, and possess with the intent to distribute 50 grams or more of crack cocaine (Count I), possession with intent to distribute 50 grams or more of crack cocaine (Count II), possession with intent to distribute 5 grams or more of crack cocaine (Count III), and possession of 500 grams of cocaine with the intent to manufacture crack cocaine (Count IV). The Court sentenced Robinson to life imprisonment for Counts One and Two and consecutive forty-year sentences for Counts Three and Four. Sentencing Tr. at 23, Doc. 926-1. At sentencing, the

Court adopted the Pre-Sentence Report's findings that the offenses involved more than 500 grams of crack cocaine. United States v. Robinson, No. 3:89-CR-74-J-32MCR, 2018 WL 4323838, at *5 (M.D. Fla. Sept. 10, 2018), aff'd, 779 F. App'x 622 (11th Cir. 2019). Since his imprisonment, Robinson has filed multiple motions to reduce his sentence based on retroactive changes to the Sentencing Guidelines, but none have offered him relief. See United States v. Robinson, 779 F. App'x 622, 626 (11th Cir. 2019) (affirming denial of Amendments 750 and 782 relief); United States v. Robinson, 325 F. App'x 876, 877 (11th Cir. 2009) (affirming in part denial of Amendment 706 relief).

Robinson now seeks a sentence reduction under the First Step Act. (Doc. 946).

## II. DISCUSSION

### A. The Fair Sentencing Act and the First Step Act

Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, made retroactive the reduction in statutory penalties for crack cocaine offenses implemented by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Sta. 2372 (2010). Under the First Step Act, a court may "impose a reduced sentence as if [the Fair Sentencing Act was] in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b) (2018). The First Step Act defines a covered offense as: "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the

2

Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." Id. § 404(a).

The Fair Sentencing Act of 2010 was enacted to address the disparity between crack and powder cocaine sentences. See Dorsey v. United States, 567 U.S. 260, 266–69 (2012). Section 2 of the Fair Sentencing Act increased the threshold crack cocaine amounts necessary for the increased statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B), reducing the ratio to powder offenses from 100:1 to 18:1. Pub. L. No. 111-220, 124 Sta. 2372 (2010). The First Step Act made these changes retroactive. Pub. L. No. 115-391, § 404(b) (2018). In enacting the First Step Act, Congress sought to extend the benefits of the Fair Sentencing Act to those individuals who were sentenced under an outdated system. Robinson's sentence is exactly the type that Congress sought to remedy—at age twenty-eight he was given multiple life sentences for drug offenses based on judge found drug quantities and a pre-Booker mandatory Guidelines range.

### B. "Covered Offense" Under the First Step Act

The Government asserts that Robinson is ineligible for relief because the amount of crack cocaine attributed to him results in the same statutory range, thus, his offense is not a "covered offense" under the First Step Act. (Doc. 955 at 11–12). Robinson disagrees. He argues that the penalty ranges for his statutes of conviction—21 U.S.C. § 841(b)(1)(A) and (b)(1)(B)—were modified by

3

the Fair Sentencing Act and are, therefore, "covered offenses." (Doc. 946 at 5). In his motion, Robinson treats his sentence reduction as an all or nothing proposition—all four counts of conviction are "covered offenses" or none are. (Doc. 946). After Robinson filed his motion, the Court directed the Government to respond, stating: "In addition to other arguments the Government wishes to make, it should address the applicability of the First Step Act to Count Four." (Doc. 949). The Court requested briefing on Count Four because it charged possession of cocaine with intent to manufacture crack cocaine, whereas Counts One through Three all explicitly charged crack cocaine offenses. In its response, the Government did not address Count Four separately, instead treating all four counts the same—arguing that the crack cocaine quantity attributed to Robinson renders him ineligible for relief on all counts.

Given the Government's agreement with Robinson that all four counts rise and fall together,[1] the Court need only look to an issue it has already

---

[1] This makes sense because the sentencing court only adopted one specific drug quantity finding: that the offenses involved more than 500 grams of cocaine base. Robinson, 325 F. App'x at 876. Given the sentencing regime at the time, this finding was for statutory and Guidelines purposes. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). This Court's subsequent drug quantity finding of 15.99 kilograms was only for Guidelines purposes. See Alleyne v. United States, 570 U.S. 99, 103 (2013); Robinson, 2018 WL 4323838, at *5 (finding that Robinson was responsible for 15.99 kilograms of crack cocaine for 18 U.S.C. § 3582(c)(2) purposes). Because the sentencing court sentenced Robinson on all four counts based on a crack cocaine quantity and did not sentence him on Count Four for a powder cocaine quantity, all four counts

4

decided—the scope of "covered offense" under § 404 of the First Step Act. See United States v. Pittman, No. 3:07-cr-277-J-32JBT, 2020 WL 364181, at *4 (M.D. Fla. Jan. 22, 2020) (holding that the statute of conviction, not the actual drug quantity attributable to defendant, determines First Step Act eligibility). As Robinson was convicted of § 841(b)(1)(A) and (b)(1)(B) offenses, and the Court has already decided that it is the statute of conviction and not the specific drug quantity that determines First Step Act eligibility, Robinson is eligible for relief. Id.

**C. Discretion of the Court**

First Step Act relief is entirely discretionary. Pub. L. No. 115-391, 132 Stat. 5194. Thus, eligibility does not equate to a reduction. Id. § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). The Court has carefully reviewed the PSR, sentencing record, and the many post-verdict motions, orders, and appeals. There is no doubt that Robinson committed serious drug offenses warranting a significant sentence. Robinson's history and characteristics at the time also called for a long sentence. However, thirty-one years is a long sentence,[2] and

---

should be treated as crack cocaine offenses for First Step Act purposes.

[2] As good conduct permits a defendant to be released after serving 85% of his sentence, 18 U.S.C. § 3624, the Court would have had to sentence Robinson to more than 36 years to equate to the almost 31 years of actual time he has served.

Robinson, at fifty-eight years old, has now spent more of his life in prison than out of it. Also, Robinson has had no disciplinary infractions in over twenty-five years, has taken over fifty prison programs, and serves as a mentor to other inmates. (Docs. 942, 946). He has served a "just punishment." 18 U.S.C. § 3553(a)(2)(A). Given Robinson's age, BOP conduct, and time incarcerated, he poses minimal risk of recidivism. Further, consideration of a release plan is unnecessary because Robinson has an immigration detainer and will be deported upon release to his native Guyana. Considering all of the § 3553(a) factors, the Court finds that a sentence of time served is sufficient but not greater than necessary.[3]

Accordingly, it is hereby

**ORDERED:**

1.      Defendant Gregory Robinson's Motion for Immediate Release Pursuant to Section 404(b) of the First Step Act (Doc. 946) is **GRANTED**.

2.      Robinson's sentence is **REDUCED** to **time served plus seven days** on Counts One through Four of the indictment, for a release date of **May**

---

[3] Robinson raised the alternative ground that the COVID-19 pandemic warrants his release. The Government's sole argument against the exercise of the Court's discretion to release Robinson is based on COVID-19 considerations. However, the Court does not base its decision on the COVID-19 pandemic.

**14, 2020**, to be followed by five years of supervised release on Counts One through Four to run concurrently.

3. All other terms and conditions of Robinson's judgment (Doc. 524) remain in full force and effect.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of May, 2020.

*[Signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

jjb
Copies:

Counsel of Record
Defendant
Bureau of Prisons
U.S. Marshals Service